ALAN D. GREENBERG
Environmental Defense Section
United States Department of Justice
999 18th Street, Suite 370
Denver, Colorado  80202
Phone: (303) 844-1366
Email: alan.greenberg@usdoj.gov

*Counsel for the United States*
*Environmental Protection Agency*
*and Michael Regan, Administrator*

[see signature block for additional counsel]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RESORT CENTER ASSOCIATES, LLC, a Utah Limited Liability Company,  Plaintiff,  v.  MICHAEL S. REGAN, in his official capacity as Administrator of the United States Environmental Protection Agency, the UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, SCOTT BAIRD, in his official capacity as Executive Director of the Utah Department of Environmental Quality, the UTAH DEPARTMENT OF ENVIRONMENTAL QUALITY, the COUNTY OF SUMMIT, a body politic and corporate of the State of Utah, UNITED PARK CITY MINES COMPANY, a Delaware corporation, and DOES 1-20,  Defendants. | Case Number 2:21-cv-00078-BSJ  FEDERAL DEFENDANTS' MOTION TO DISMISS AND SUPPORTING MEMORANDUM |

# Table of Contents

MOTION TO DISMISS ................................................................................................ 1

MEMORANDUM ....................................................................................................... 2

FACTUAL BACKGROUND ........................................................................................ 3

STANDARD OF REVIEW ........................................................................................... 6

ARGUMENT ............................................................................................................. 7

I.   Resort Center's CERCLA Claims Are Barred by the Timing of Review Provision
     of 42 U.S.C. § 9613(h). ...................................................................................... 7

     A. Section 9613(h) Bars Premature Challenges to EPA Response Actions. .................. 7

     B. Resort Center's Two CERCLA Citizen Suit Claims Constitute a Prohibited
        Challenge to EPA's Removal Actions. ................................................................ 9

     C. The Exception in Section 9613(h)(4) for Certain Citizen Suit Claims Does
        Not Apply to Resort Center's First Claim Because EPA's Removal Actions
        Are Not Completed. ..................................................................................... 10

II.  The Second Claim Should Also Be Dismissed Because Resort Center Does Not
     Allege a Nondiscretionary Duty. .......................................................................... 12

III. This Court Lacks Jurisdiction Over Resort Center's Fifth Amendment Takings
     Claims. ........................................................................................................... 14

IV.  The Federal Defendants Are Not Proper Defendants in an FTCA Action, and
     the United States Has Not Waived Sovereign Immunity for Resort Center's Tort
     Claim. ............................................................................................................ 16

     A. The Court Must Dismiss Resort Center's Tort Claim Against EPA for Failure
        to Submit an Administrative Claim. ................................................................ 17

     B. The Court Must Dismiss Resort Center's Tort Claim Against EPA Because
        There Is No Waiver of Sovereign Immunity for Claims Based on Interference
        with Contract Rights. .................................................................................. 18

V.   Resort Center Cannot Seek Money Damages Under the 2009 and 2014
     Administrative Orders in This Court. ..................................................................... 19

     A. This Court Lacks Subject Matter Jurisdiction for Contract-Based Claims
        Such as Resort Center's That Exceed $10,000. ................................................ 20

     B. Resort Center Is Not an Intended Third-Party Beneficiary of the 2009 and
        2014 Administrative Orders. .......................................................................... 21

CONCLUSION ......................................................................................................... 23

# Table of Authorities

## Cases

*Alabama v. EPA*, 871 F.2d 1548 (11th Cir. 1989) ........................................................ 9

*Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151 (D.C. Cir. 1985) .............................. 17, 19

*Askins v. Ohio Dep't. of Agric.*, 809 F.3d 868 (6th Cir. 2016) ...................................... 12

*Cf. Atlantic Richfield Co. v. Chrisian*,  140 S.Ct. 131346 (2020) ................................. 8

*Boarhead Corp. v. Erickson*, 923 F.2d 1011 (3d Cir. 1991) ........................................ 9, 11

*Bradley v. United States*, 951 F.2d 268 (10th Cir. 1991) .......................................... 16, 18

*Broward Gardens Tenants Ass'n v. United States EPA*, 311 F.3d 1066 (11th Cir. 2002) ............. 9

*Cannon v. Gates*, 538 F.3d 1328 (10th Cir. 2008) .............................................. 8, 9, 11

*Chen v. United States*, 854 F.2d 622 (2d Cir. 1988) .............................................. 18

*Clinton Cnty. Comm'rs v. EPA*, 116 F.3d 1018 (3d Cir. 1997) ..................................... 9

*Colorado v. Idarado Mining Co.*, 916 F.2d 1486 (10th Cir. 1990) ................................ 7

*Cooper v. American Auto. Ins. Co.*, 978 F.2d 602 (10th Cir. 1992) .............................. 17, 19

*Doyle v. Jewell*, No. 2:13-CV-861-CW, 2015 WL 1609132 (D. Utah Apr. 10, 2015) ............... 22

*Dubois v. Thomas*, 820 F.2d 943 (8th Cir. 1987) ................................................ 12, 13

*Fornazor Int'l, Inc. v. Huntsman*, No. 2:14-CV-291 TS, 2015 WL 6142962

  (D. Utah Oct. 19, 2015) ..................................................................... 22

*Frantz v. United States*, 29 F.3d 222 (5th Cir. 1994) ............................................ 17

*Frey v. EPA,* 751 F.3d 461 (7th Cir. 2014) ...................................................... 9

*Holmes Herefords, Inc. v. United States*, 753 F. Supp. 901 (D. Wyo. 1990) ...................... 19

*Holt v. United States*, 46 F.3d 1000 (10th Cir. 1995) ............................................ 6, 7

*Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963

    (10th Cir. 1994)...................................................................................................... 17

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) ................................. 2

*Lane v Pena*, 518 U.S. 187 (1996)................................................................................... 2

*Lehman v. Nakshian*, 453 U.S. 156 (1981) ................................................................... 16

*McNeil v. United States*, 508 U.S. 106 (1993)............................................................. 17

*Mecca v. United States*, 389 F. App'x 775 (10th Cir. 2010) .................................. 17, 19

*Miccosukee Tribe of Indians of Fla. v. EPA*, 105 F.3d 599 (11th Cir. 1997).............. 12

*Moessmer v. United States*, 760 F.2d 236 (8th Cir. 1985)........................................... 19

*Montana v. United States*, 124 F.3d 1269 (Fed. Cir. 1997)......................................... 21

*Mountain States Legal Found. v. Costle*, 630 F.2d 754 (10th Cir. 1980)..................... 12

*Nero v. Cherokee Nation of Okla.*, 892 F.2d 1457 (10th Cir. 1989)............................ 17

*New Mexico v. Gen. Elec. Co.*, 467 F.3d 1223 (10th Cir. 2006) ........................... 10, 11

*Pollack v. U.S. Dep't of Def.*, 507 F.3d 522 (7th Cir. 2007)......................................... 9

*R.E. Goodson Constr. Co. v. Int'l Paper Co.*, No. 4:02-4184-RBH, 2005 WL 2614927

    (D.S.C. Oct. 13, 2005) ............................................................................................ 11

*Razore v. Tulalip Tribes of Wash.*, 66 F.3d 236 (9th Cir. 1995) ............................. 8, 11

*Roedler v. Department of Energy*, 255 F.3d 1347 (Fed. Cir. 2001) ....................... 20, 21

*Sierra Club v. Whitman*, 268 F.3d 898 (9th Cir. 2001) ............................................... 13

*Silva v. United States*, No. 17-CV-1224 MV/JHR, 2021 WL 24572 (D.N.M. Jan. 4, 2021)....... 19

*Smith v. United States*, 561 F.3d 1090 (10th Cir. 2009) .............................................. 16

*Soriano v. United States*, 352 U.S. 270 (1957)............................................................ 16

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)............................................................ 2

*Stewman v. Mid-South Wood Prod. of Mena, Inc*., 784 F. Supp. 611 (W.D. Ark. 1992)............. 13

*Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516 (10th Cir. 2013) ........................................... 7, 21

*U.S. Dep't. of Energy v. Ohio*, 503 U.S. 607 (1992)..................................................................... 12

*Union Pac. R.R. v. United States*, 591 F.3d 1311 (10th Cir. 2010) ......................................... 15, 20

*United States v. Bormes*, 568 U.S. 6 (2012) ................................................................................. 15

*United States v. City and Cnty. of Denver*, 100 F.3d 1509 (10th Cir. 1996) ................................. 8

*United States v. Mitchell*, 445 U.S. 535 (1980) ............................................................................ 16

*United States v. Sensient Colors, Inc*., 649 F. Supp. 2d 309 (D.N.J. 2009)................................. 14

## Statutes

28 U.S.C. §1346(a)(2)..................................................................................................... 15, 19, 20

28 U.S.C. §1491(a)(1)......................................................................................................... 15, 20

28 U.S.C. § 2675 ...................................................................................................................... 16

28 U.S.C. § 2680(h) ............................................................................................................. 17, 18

42 U.S.C. § 9601(23) ............................................................................................................. 8, 10

42 U.S.C. § 9601(24) .................................................................................................................. 8

42 U.S.C. § 9604(a)(1) ........................................................................................................... 7, 13

42 U.S.C. § 9613(h) .................................................................................................. 1, 7, 8, 9, 10

42 U.S.C. § 9613(h)(1)-(5) ......................................................................................................... 8

42 U.S.C. § 9613(h)(4) ............................................................................................................... 9

42 U.S.C. § 9659(a) ................................................................................................................... 6

42 U.S.C. § 9659(a)(2)............................................................................................................... 12

## Rules

Fed. R. Civ. P. 12(b)(1)................................................................................................... 1, 6

Fed. R. Civ. P. 12(b)(6)................................................................................................... 1, 7

## Other Authorities

52 Fed. Reg. 2,823 ............................................................................................................ 7

**MOTION TO DISMISS**

Defendants United States Environmental Protection Agency and Michael Regan, in his official capacity as EPA Administrator, (collectively "EPA") move, in accordance with Fed. R. Civ. P. 12(b)(1), to dismiss the first, second, third, fourth, sixth, and seventh claims asserted against them because this Court lacks subject matter jurisdiction over these claims.[1]  EPA also moves, in accordance with Fed. R. Civ. P. 12(b)(6), to dismiss the seventh claim for failure to state a claim upon which relief can be granted.  The Court lacks subject matter jurisdiction over the first and second claims for relief because Section 113(h) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9613(h), bars federal court jurisdiction over Resort Center Associates' ("Resort Center") claims challenging EPA's ongoing CERCLA removal actions at the Richardson Flat Tailings Site.  The Court lacks jurisdiction over the second claim for the additional reason that the claim does not identify or implicate a nondiscretionary duty.  The Court lacks jurisdiction over the third and fourth claims because these inverse condemnation claims appear to exceed $10,000 and therefore must be brought in the United States Court of Federal Claims.  Resort Center's sixth claim must be dismissed because Resort Center did not comply with the prerequisites for asserting a judicial claim under the Federal Tort Claims Act ("FTCA") and its claim for interference with prospective economic advantage falls outside the FTCA's waiver of sovereign immunity.  Finally, the seventh claim must be dismissed because, as a contract-based claim appearing to exceed $10,000, it must be brought in the Court of Federal Claims and because Resort Center is not a third-party beneficiary of the alleged contracts.

---

[1]  The fifth claim for relief is not pled against EPA or Mr. Regan.

For the reasons set forth in the Memorandum below, the Court should dismiss all of Resort Center's claims asserted against EPA.

**MEMORANDUM**

The "first and fundamental question" presented by every case is whether the court has jurisdiction to hear it.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).  Federal courts are courts of limited jurisdiction and may hear cases only to the extent expressly provided by the Constitution or statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  If subject matter jurisdiction does not exist, "the court cannot proceed at all in any cause." *Steel Co., 523 U.S. at 94*.

Resort Center bears the burden of establishing the existence of subject matter jurisdiction over its claims against EPA by showing that Resort Center's claims are expressly authorized by the Constitution or statute, including an applicable and unequivocal waiver of sovereign immunity.  *Lane v Pena*, 518 U.S. 187, 192 (1996); *Kokkonen*, 511 U.S. at 377.  Resort Center cannot meet this burden.

Resort Center's claims against EPA arise from EPA's ongoing efforts under CERCLA to respond to the release of hazardous substances at the Richardson Flat Tailing Site ("Site") attributable to a century of mining activities near Park City, Utah.  Pursuant to its CERCLA authority, EPA is currently engaged in investigations and analyses of contamination at the Site to evaluate what response actions may be needed to address the contamination.  Resort Center alleges that these activities are adversely impacting its real estate development plans.  Resort Center's impatience with the pace of environmental cleanup activities is due in part to the failure of United Park City Mines Company ("UPCM") to perform the actions required under an

administrative settlement with EPA.  However, Congress did not provide Resort Center with a legal remedy against EPA to address Resort Center's alleged injuries that can be heard in this Court at this time.  Its claims against EPA must be dismissed for lack of subject matter jurisdiction or, in the alternative, the seventh claim fails to state a claim upon which relief can be granted.

## FACTUAL BACKGROUND[2]

The Richardson Flat Tailings Site consists of over 2,300 acres in the Silver Creek watershed in and around Park City, Utah.  Declaration of Robert Parker ("Parker Decl."), Exhibit 1 ¶ 8.  The Site is divided into four Operable Units.  *Id.* ¶ 9.  Of relevance to this case, Operable Unit 2 includes portions of Lower Silver Creek north and east of U.S. Highway 40.  Compl. ¶ 19. Operable Unit 3 includes a downstream section of Silver Creek known as "the Middle Reach." Compl. ¶ 19.

Silver was discovered in the Park City area in 1860s.  Parker Decl. ¶ 4.  Numerous mining companies over nearly a century mined silver, gold, zinc, and lead in the Park City area. *Id.* ¶ 5.  The mining companies and mills disposed of non-marketable wastes, which were known as tailings, by sluicing them into Silver Creek or into ditches or tributaries leading to Silver Creek.  *Id.* ¶ 6.  Silver Creek and its tributaries carried the tailings downstream, depositing them where the stream velocity was low in locations through the watershed in Park City and Richardson Flat.  *Id.* ¶ 7.  Soil sampling has confirmed that the tailings materials that have come

---

[2]  Background facts taken from the Complaint are undisputed solely for purposes of this motion. This Background is supplemented with materials relevant to subject matter jurisdiction. *See infra* at 6-7.

to be located in Operable Unit 2 contain hazardous substances, including arsenic, lead, cadmium, and zinc. *Id.* ¶ 10.

EPA commenced actions to address releases of hazardous substances at the Site in 1984. Compl. ¶ 23. EPA subsequently entered into a series of administrative orders on consent with UPCM. *Id.* ¶¶ 24-26. These orders required UPCM to undertake certain CERCLA response actions at the Site, including investigation and cleanup activities. *Id.* ¶¶ 24-26. In 2009, UPCM and EPA entered into an Administrative Settlement Agreement and Order on Consent that required UPCM to undertake a remedial investigation and feasibility study for Operable Unit 2 (the "2009 Administrative Order"). Compl. ¶ 26; Parker Decl. ¶ 14 and Appendix A (2009 Administrative Order,

https://yosemite.epa.gov/OA/RHC/EPAAdmin.nsf/Filings/58F9E0A513378C2E8525764E00692 ADA/$File/CERCLA0820090007AGREEMENT.pdf). In 2014, UPCM, EPA, and other state and federal agencies entered into an Administrative Settlement Agreement and Order on Consent that required UPCM to prepare and perform an Engineering Evaluation/Cost Analysis ("EE/CA") and undertake subsequently selected removal actions at Operable Units 2 and 3 of the Site (the "2014 Administrative Order"). Compl. ¶ 26; Parker Decl. ¶ 15 and Appendix B (2014 Administrative Order,

https://yosemite.epa.gov/OA/RHC/EPAAdmin.nsf/Filings/66C29F23FD29E23985257C98001B C445/$File/CERCLA0820140003%20AO.pdf). The 2014 Administrative Order superseded the 2009 Administrative Order. Parker Decl. Appendix B ¶ 1.

UPCM failed to meet its obligations under the 2014 Administrative Order; it did not perform the evaluation, analysis, and removal actions required by the Order. Compl. ¶ 26;

Parker Decl. ¶ 17.  In 2017, EPA took over a portion of the work required by the 2014

Administrative Order as a result of UPCM's deficiencies.  Compl. ¶ 29; Parker Decl. ¶ 18.  EPA

presently is completing the EE/CA for Operable Units 2 and 3.  Parker Decl. ¶ 21.  When EPA

completes the EE/CA, it expects to select a response action and implement that response action.

Parker Decl. ¶ 22.

Resort Center owns property near Park City that is within the boundary of Operable Unit

2.  Compl. ¶¶ 31,37.  It desires to develop a portion of this property to include 18 one-plus acre

residential lots.  Id. ¶ 33.  Resort Center contends that environmental testing at the proposed

development area has demonstrated the "absence of any hazardous materials in excess of

remedial action levels."  Id. ¶¶ 40, 41.  Resort Center further contends that the actions or

omissions of the Defendants have left it in a "legal and administrative limbo" that has harmed its

efforts to develop the property.  Id. ¶ 43.

On October 9, 2020, Resort Center sent letters to the EPA Administrator, the Regional

Administrator for EPA Region 8, and the Attorney General providing its "notice of intent to sue

[EPA] . . . for violation of a standard, regulation, condition, requirement, or order which has

become effective pursuant to CERCLA;" "for failure to perform non-discretionary duties under

CERCLA;" and to remedy the allegedly "unconstitutional taking of [Resort Center's] property."

Compl., Ex. B to Declaration of Kenneth J. Melrose,  ECF No. 2-1 at 58-85 of 130.  The notices

discussed Resort Center's legal theories that EPA violated CERCLA and committed a taking

under the Fifth Amendment.  The notices did not state that Resort Center was contemplating

bringing a tort claim against the United States, did not state that Resort Center was presenting to

EPA an administrative claim under the Federal Tort Claims Act, and did not demand a sum

certain from EPA.  EPA's Civil Rights and Finance Law Office within the Office of General

Counsel—the organization within EPA that processes, monitors, and resolves administrative

claims presented to EPA under the Federal Tort Claims Act—has no record of receiving an

administrative claim under the FTCA from Resort Center.  *See* Declaration of Kenneth Redden,

¶¶ 2-4 ("Redden Decl."), Exhibit 2.

Resort Center asserts six claims against EPA.  The first two claims are asserted under

CERCLA's "citizen suit" provision, 42 U.S.C. § 9659(a).  The first claim seeks declaratory and

injunctive relief under Section 9659(a)(1) based on allegations that EPA's actions related to the

Site have violated standards, regulations, conditions, and requirements under CERCLA.  Compl.

¶¶ 45-51.  The second claim, under Section 9659(a)(2), alleges that EPA has failed to perform

nondiscretionary duties under CERCLA.  *Id.* ¶¶ 52-60.  The third and fourth claims seek

damages under a theory of inverse condemnation.  *Id.* ¶¶ 61-72.  The sixth claim alleges

negligent interference with prospective economic advantage.  *Id.* ¶¶ 81-88.  The final claim seeks

damages based on allegations that Resort Center is a third-party beneficiary to the 2009 and 2014

Administrative Orders.  *Id.* ¶¶ 89-93.

## STANDARD OF REVIEW

A Rule 12(b)(1) motion for lack of subject matter jurisdiction can take two forms:  a

facial attack, which challenges the sufficiency of the complaint, or a factual attack, which

challenges the factual existence of subject matter jurisdiction.  *Holt v. United States*, 46 F.3d

1000, 1002-03 (10th Cir. 1995).  EPA asserts a facial attack on Resort Center's second, third,

fourth, and seventh claims.  For purposes of EPA's argument on these claims, the Court accepts

the factual allegations in the Complaint as true.  *Id.* at 1002.  EPA asserts factual attacks on

Resort Center's first, second, and sixth claims, and no presumptive truthfulness applies to the Complaint's factual allegations. *Id.* at 1003. A court has "wide discretion" under Rule 12(b)(1) to consider materials outside the pleadings and to resolve factual disputes to determine its subject matter jurisdiction. *Id.*

If the Court reaches the merits of the seventh claim, the United States moves to dismiss that claim for failure to state a claim under Rule 12(b)(6). The Court accepts all well-pleaded factual allegations as true, but it can also consider the terms of contracts when the contracts are referred to in the complaint, are central to this claim, and their authenticity cannot be disputed. *See Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 520-21 (10th Cir. 2013).

## ARGUMENT

### I. Resort Center's CERCLA Claims Are Barred by the Timing of Review Provision of 42 U.S.C. § 9613(h).

#### A. Section 9613(h) Bars Premature Challenges to EPA Response Actions.

CERCLA provides a broad statutory scheme for the prompt cleanup of hazardous substances. *See Colorado v. Idarado Mining Co.*, 916 F.2d 1486, 1488-89 (10th Cir. 1990). The President delegated to EPA the authority "to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action" relating to the release or threatened release of hazardous substances, pollutants, and contaminants. 42 U.S.C. § 9604(a)(1); Exec. Order No. 12,580, 52 Fed. Reg. 2,823 (Jan. 23, 1987). This authority includes investigations, testing, and other information gathering necessary or appropriate to identify the existence and extent of the release or threat of release. *Id.* § 9604(b).

EPA may respond to any actual or threatened release of hazardous substances into the environment by taking "removal" or "remedial" actions. *Id.* § 9604(a)(1). "Removal" actions

include "the cleanup or removal of released hazardous substances from the environment," or

"such other actions as may be necessary to prevent, minimize, or mitigate damage to the public

health or welfare or to the environment . . . ." *Id.* § 9601(23). A "removal action" also includes

"such actions as may be necessary to monitor, assess, and evaluate the release." *Id.* In

comparison, "remedial actions" are generally those actions consistent with a permanent remedy.

*Id.* § 9601(24).

CERCLA expressly limits a person's ability to challenge ongoing removal or remedial

actions in federal court. Section 9613(h) states that "[n]o Federal court shall have jurisdiction

. . . to review any challenges to removal or remedial action selected under section 9604" except

in five identified circumstances. 42 U.S.C. § 9613(h). Section 9613(h) "strip[s] federal

jurisdiction from *any challenge* that would interfere" with CERCLA response actions. *Cannon

v. Gates*, 538 F.3d 1328, 1336 (10th Cir. 2008) (emphasis added). "An action constitutes a

challenge if it is related to the goals of the cleanup." *Razore v. Tulalip Tribes of Wash.*, 66 F.3d

236, 239 (9th Cir. 1995). In enacting the jurisdictional bar, Congress intended to prevent time-

consuming litigation that might interfere with CERCLA's overall goal of effecting the prompt

cleanup of hazardous waste sites. *United States v. City and Cnty. of Denver*, 100 F.3d 1509,

1514 (10th Cir. 1996). Section 9613(h)'s jurisdictional bar applies "if the Government has only

begun to 'monitor, assess, and evaluate the release or threat of release of hazardous substances.'"

*Cannon*, 538 F.3d at 1334 (quoting *Razore*, 66 F.3d at 239);

CERCLA specifies five limited exceptions to the jurisdictional bar in section 9613(h). 42

U.S.C. § 9613(h)(1)-(5); *Cf. Atlantic Richfield Co. v. Christian*, 140 S.Ct. 1335, 1346 (2020)

(stripping federal courts of jurisdiction except in five limited circumstances). Only one

exception is potentially relevant here, and only to Resort Center's first claim:  citizen suits may

proceed if they pertain to a "*removal or remedial action taken* under section 9604  . . .  in

violation of any requirement of this chapter."  42 U.S.C. § 9613(h)(4) (emphasis added).

By using the phrase "removal or remedial action taken," Section 9613(h)(4) precludes

federal courts from considering CERCLA citizen suits until after the removal action is

complete.  *See Frey v. EPA,* 751 F.3d 461, 467 (7th Cir. 2014); *Broward Gardens Tenants Ass'n*

*v. United States EPA*, 311 F.3d 1066, 1072 (11th Cir. 2002).  Congress made a considered choice

that hazardous waste sites should be cleaned up as quickly as possible and without interruption

by citizen suits, which cannot be filed until completion of the cleanup.  *Pollack v. U.S. Dep't of*

*Def.,* 507 F.3d 522, 525 (7th Cir. 2007).  Congress concluded that cleanup "delays caused by

citizen suit challenges posed a greater risk to the public welfare than the risk of EPA error in the

selection of methods of remediation." *Clinton Cnty. Comm'rs v. EPA*, 116 F.3d 1018, 1025 (3d

Cir. 1997) (en banc).

> **B.**   **Resort Center's Two CERCLA Citizen Suit Claims Constitute a Prohibited Challenge to EPA's Removal Actions.**

A "challenge" to a removal action occurs when a lawsuit interferes with the

implementation of a CERCLA response because the relief requested will impact the removal

action.  *See Cannon*, 538 F.3d at 1336.  The Tenth Circuit and other courts of appeals

consistently apply Section 9613(h)'s bar to challenges when EPA is in the investigatory phase of

a CERCLA cleanup, as it is here.  *See e.g., Cannon*, 538 F.3d at 1335 (holding that a RCRA

citizen suit requesting injunctive relief "would undoubtedly interfere with the Government's

ongoing" site assessment); *Alabama v. EPA*, 871 F.2d 1548, 1559 (11th Cir. 1989) (holding that

a suit requesting injunctive relief constituted a challenge for the purposes of Section 9613(h));

*Boarhead Corp. v. Erickson*, 923 F.2d 1101, 1018-19 (3d Cir. 1991) (applying the Section 9613(h) bar when EPA had initiated but not completed a remedial investigation and feasibility study).  The bar on judicial review prescribed by Section 9613(h) applies through the completion of the remedy because "CERCLA 'protects the execution of a CERCLA plan *during its pendency* from lawsuits that might interfere with the expeditious cleanup effort.'"  *New Mexico v. Gen. Elec. Co.*, 467 F.3d 1223, 1249 (10th Cir. 2006).

The declaratory and injunctive relief sought by Resort Center in both of its citizen suit claims asks this Court to engage in the type of premature judicial intervention barred by Section 9613(h)'s timing of review provision.  As relief under its CERCLA claims, Resort Center requests the Court to determine that EPA has violated CERCLA and to order EPA to remove Resort Center's property from the boundaries of Operable Unit 2 or issue a no further action letter.  Compl. ¶¶ 51, 60.  Resort Center also requests the Court to compel EPA to issue a Record of Decision and complete any remaining cleanup actions.  *Id.*  Resort Center's requests for declaratory and injunctive relief are "challenges" under Section 9613(h) because they ask this Court to interfere with EPA's efforts to assess, study, and evaluate contamination at the Site, which EPA considers prior to selecting a remedy or moving forward with additional removal activities.  Therefore, Section 9613(h) divests the Court of subject matter jurisdiction over Resort Center's two CERCLA citizen suit claims, and they must be dismissed under Rule 12(b)(1).

**C.    The Exception in Section 9613(h)(4) for Certain Citizen Suit Claims Does Not Apply to Resort Center's First Claim Because EPA's Removal Actions Are Not Completed.**

EPA's current, ongoing cleanup actions at the Site are removal actions under Section 9604.  Parker Decl. ¶ 21.  As noted above, removal actions include actions that are necessary to

monitor, assess, and evaluate a release of hazardous substances.  42 U.S.C. § 9601(23).  In 2017, EPA took over the preparation and performance of the EE/CA.  Parker Decl. ¶ 18.  The EE/CA incudes the collection of data to characterize conditions at Operable Units 2 and 3 to determine the extent of contamination.  *Id.* ¶¶ 16, 19.  The EE/CA may also include the performance of treatability testing, which is needed to evaluate the potential performance and cost of the possible treatment technologies.  *Id.* ¶ 16.  The EE/CA helps determines alternative removal actions to prevent, mitigate, or otherwise respond to or remedy the release of hazardous substances at the operable units.  *Id*.  EPA is currently performing the EE/CA, but has not yet completed the necessary analyses.  *Id.* ¶ 21.

Federal courts have repeatedly confirmed that the jurisdictional bar of Section 9613(h) includes challenges to removal actions such as EPA's evaluations and assessments for Operable Unit 2.  *See Cannon,* 538 F.3d at 1334 (finding that a preliminary assessment of the property is a removal action); *Razore*, 66 F.3d at 239 (finding that a feasibility study is a removal action); *Boarhead Corp.*, 923 F.2d at 1018-19 (finding that studying the release of hazardous substances is a removal action under section 9613(h)).  Specifically, EE/CA actions are removal actions, and any actions recommended by a completed EE/CA are also removal actions.  *See R.E. Goodson Constr. Co. v. Int'l Paper Co.*, No. 4:02-4184-RBH, 2005 WL 2614927 at *24 (D.S.C. Oct. 13, 2005)* (unpublished).  Therefore, EPA's ongoing EE/CA actions at Operable Units 2 and 3 are removal actions, which cannot be challenged until completion of the response action.  *See New Mexico,* 467 F.3d at 1249.  The exception in Section 9613(h)(4) does not apply to Resort Center's first claim.

**II.     The Second Claim Should Also Be Dismissed Because Resort Center Does Not Allege a Nondiscretionary Duty.**

Resort Center's second claim relies on CERCLA's citizen suit provision that allows a person to commence a civil action against the EPA Administrator when "there is alleged a failure [of the Administrator] to perform an act or duty under [CERCLA] . . . which is not discretionary." Compl. at 16; 42 U.S.C. § 9659(a)(2). A waiver of sovereign immunity such as the citizen suit provision in federal environmental statutes must be construed strictly in favor of the sovereign and not enlarged beyond what the statutory text requires. *U.S. Dep't. of Energy v. Ohio*, 503 U.S. 607, 615 (1992).

Citizen suits under the nondiscretionary duty provisions of federal environmental laws are "restricted . . . to actions seeking to enforce specific, non-discretionary clear-cut requirements" of the statute. *Mountain States Legal Found. v. Costle*, 630 F.2d 754, 766 (10th Cir. 1980) (interpreting identical nondiscretionary duty provision in the Clean Air Act); *see Miccosukee Tribe of Indians of Fla. v. EPA*, 105 F.3d 599, 602 (11th Cir. 1997) (stating that a "clearly mandated, nondiscretionary duty imposed on the Administrator" is a prerequisite for federal jurisdiction under an identical Clean Water Act citizen suit provision); *Dubois v. Thomas*, 820 F.2d 943, 946-47 (8th Cir. 1987) (same). When a party fails to identify a nondiscretionary duty that the EPA failed to perform, the court lacks jurisdiction over the claim. *Askins v. Ohio Dep't. of Agric.*, 809 F.3d 868, 877 (6th Cir. 2016).

Resort Center fails to allege a nondiscretionary duty. The only statutory provision that Resort Center identifies in its second claim as a source of a nondiscretionary duty is Section 9604(a). Compl. ¶ 56. The relevant sentence in this provision provides that when EPA

"*determines* that [certain CERCLA actions] will be done properly and promptly by the owner or operator the facility or vessel or other responsible party, [EPA] *may allow* such person to carry out the action."  42 U.S.C. § 9604(a)(1) (emphasis added).

This statutory provision does not provide a basis for subject matter jurisdiction for at least three facial and one factual reasons.  *First*, the authorization in Section 9604(a)(1) is triggered only when EPA makes a specific determination.  Making a determination or finding is a discretionary act.  *See Sierra Club v. Whitman*, 268 F.3d 898, 902-05 (9th Cir. 2001) (the duty to make a finding of violation is a discretionary act); *Dubois*, 820 F.2d at 946 (same).  Because EPA's exercise of its authority under Section 9604(a)(1) depends on first making a discretionary determination, this authorization to allow other persons to carry out removal actions under of Section 9604(a)(1) is not enforceable against EPA as a nondiscretionary duty under the citizen suit provision.

*Second*, even if EPA makes a "properly and promptly" determination, the statute does not mandate that EPA take any specific action.  Section 9604(a)(1) provides that EPA, upon making the statutory determination, *may allow* another person to carry out a CERCLA action.  The statute does not command that EPA "must" or "shall" allow another person to carry out a CERCLA action.  The term "may" is permissive, not mandatory.  *See Stewman v. Mid-South Wood Prod. of Mena, Inc*., 784 F. Supp. 611, 617 (W.D. Ark. 1992).  EPA's decision to enter into the 2014 Administrative Order with UPCM was a discretionary act and not a permissible basis for a citizen suit based on a nondiscretionary duty.

*Third*, even if Section 9604(a) contained a nondiscretionary duty, which it does not, Resort Center does not allege that EPA failed to comply with the statutory provision.  Resort

13

Center does not allege that EPA failed to make the "properly and promptly determination" before issuing the 2014 Administrative Order.  Compl. at 16-17.  Resort Center's Complaint is insufficient on its face to establish subject matter jurisdiction.

Finally, subject matter jurisdiction over the second claim is lacking as a factual matter. EPA made the "properly and promptly determination" in the 2014 Administrative Order. Paragraph 26(g) of the 2014 Administrative Order states:

> EPA and BLM have determined that UPCM is qualified to conduct the Work pursuant to this Settlement Agreement within the meaning of Section 104(a) of CERCLA, 42 U.S.C. § 9604(a), *and will carry out the Work properly and promptly, in accordance with Sections 104(a)* and 122(a) of CERCLA, 42 U.S.C. §§ 9604(a) and 9622(a), by complying with the terms of this Settlement Agreement.

Parker Decl., Appendix B ¶ 26(g) (emphasis added).  EPA cannot have failed to perform the alleged nondiscretionary duty when it complied with the statute.  *United States v. Sensient Colors, Inc*., 649 F. Supp. 2d 309, 332 (D.N.J. 2009).

In sum, Resort Center's second claim does not identify a nondiscretionary duty, does not allege that EPA failed to comply with the statutory directive, and EPA in fact complied with the discretionary parameters set forth in the statute.  The Court should dismiss the second claim for lack of subject matter jurisdiction.

## III.   This Court Lacks Jurisdiction Over Resort Center's Fifth Amendment Takings Claims.

Resort Center's third and fourth claims allege Fifth Amendment takings for which it seeks just compensation.  Compl. ¶¶ 63-72.  This Court lacks jurisdiction to hear these claims.

The United States' waiver of sovereign immunity for Fifth Amendment takings claims is contained in the Tucker Act and the Little Tucker Act.  The Tucker Act provides in relevant part

that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon the Constitution . . . ." 28 U.S.C. §1491(a)(1).  The Little Tucker Act provides concurrent jurisdiction to the federal district courts over such claims "not exceeding $10,000 in amount[.]" 28 U.S.C. §1346(a)(2).  As a result of that claim limit, "the Court of Federal Claims has exclusive jurisdiction over such claims exceeding $10,000." *Union Pac. R.R. v. United States*, 591 F.3d 1311, 1314 (10th Cir. 2010).  *See also United States v. Bormes*, 568 U.S. 6, 10 n.2 (2012) ("the Little Tucker Act creates jurisdiction in the district courts concurrent with the Court of Federal Claims for covered claims of $10,000 or less").

Resort Center bears the burden of establishing that this Court has subject matter jurisdiction over its takings claims.  It has not done so here.  The Little Tucker Act, which is not identified in the Complaint, only provides this Court with jurisdiction over takings claims seeking up to $10,000.  Resort Center fails to include any allegations in its Complaint establishing that its takings claims fall below this jurisdictional claim limit, and those allegations it does make indicate that the claims exceed that limit.  Specifically, the Complaint identifies the property allegedly taken as a 191-acre parcel of land near Park City on which Resort Center seeks to develop 18 one-acre lots.  Compl. ¶¶ 31, 33, 74.  Resort Center seeks a judgment in its favor for a taking of this property "in a sum to be proven at trial." Compl. at 23.  The Development Agreement attached to the Complaint provides that Resort Center must donate $25,000 to a local recreation district and provide other amenities and infrastructure as part of this planned residential subdivision.  *See* Compl., Ex. A to Melrose Decl., ECF No. 2-1, at 9 of 130.

Therefore, the Development Agreement demonstrates that the value of this property exceeds $10,000.

Because Resort Center has not met its burden of establishing that its takings claims fall within this Court's limited jurisdiction under the Little Tucker Act, the Court should dismiss those claims for lack of subject matter jurisdiction.

## IV.   The Federal Defendants Are Not Proper Defendants in an FTCA Action, and the United States Has Not Waived Sovereign Immunity for Resort Center's Tort Claim.

As a sovereign, the United States is immune from liability absent its consent, and the terms of that consent define a court's jurisdiction to entertain a suit against the United States. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957)).

Congress provided such a waiver of sovereign immunity for certain tort claims seeking money damages based on the negligent or wrongful acts of federal employees through the FTCA.[3] However, Congress carefully defined the scope of that waiver. Two provisions of the FTCA are relevant to this motion.[4] *First*, Congress required plaintiffs to present claims to the relevant federal agency first. *See generally* 28 U.S.C. § 2675. The administrative claim must

---

[3] These tort claims must be brought against the United States itself, not against a federal agency or officer. *See Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009). Thus, even if the tort claim were to go forward, the United States must be substituted as the defendant in place of EPA or the Administrator.

[4] By raising these provisions of the FTCA in this motion to dismiss, the United States does not waive or forfeit—and may raise in a future motion—the application of other provisions of the FTCA.

describe the claimant's injury to allow the agency to investigate the matter and "a sum certain damages claim." *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991). This administrative claim process "ease[s] court congestion and avoid[s] unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." *Frantz v. United States*, 29 F.3d 222, 224 (5th Cir. 1994) (quoting S. Rep. No. 89-1327, 1966 U.S.C.C.A.N. 2515, 2516). Thus, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

*Second*, Congress did not waive the United States' sovereign immunity for "claim[s] arising out of . . . interference with contract rights." 28 U.S.C. § 2680(h). This exception to the waiver of sovereign immunity applies to tortious interference with current or future contractual relationships. *See Cooper v. American Auto. Ins. Co.*, 978 F.2d 602, 613 (10th Cir. 1992); *Mecca v. United States*, 389 F. App'x 775, 780 (10th Cir. 2010); *Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1155 (D.C. Cir. 1985).

### A.   The Court Must Dismiss Resort Center's Tort Claim Against EPA for Failure to Submit an Administrative Claim.

Resort Center failed to submit an administrative tort claim to EPA as required by the FTCA, and, therefore, its tort claim must be dismissed. "[B]ringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive." *Nero v. Cherokee Nation of Okla.*, 892 F.2d 1457, 1463 (10th Cir. 1989). Resort Center does not plead that it submitted an administrative claim to EPA, and EPA has no record of having received such an administrative claim from Resort Center. *See* Redden Decl. ¶ 4. Accordingly, "[p]laintiff['s] failure to file an administrative claim prior to filing this cause of

action bars this suit." *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994).

Resort Center's letters to EPA, the EPA Region 8 Administrator, and the Attorney General giving notice of CERCLA and Fifth Amendment takings claims against EPA do not satisfy the administrative claim requirement because the letters did not claim a "sum certain" from EPA.  "Failure to comply with the sum certain requirement results in the case being treated as if no administrative claim had ever been filed" because the sum certain helps "afford[] the agency sufficient information to determine whether Plaintiff's claim [i]s realistic or settleable." *Bradley*, 951 F.2d at 271.  Nowhere in the letters did Resort Center demand a sum certain from EPA.  Compl., Ex. B to Melrose Decl., ECF 2-1, at 58-85 of 130.  Even at this late date, Resort Center's Complaint seeking damages is devoid of any sum-certain or otherwise.  Compl. ¶ 87 (seeking damages "to be determined at trial").  Accordingly, Resort Center cannot count its CERCLA notice letters as a replacement for the administrative claim the FTCA requires, and Resort Center's tort claim against EPA must be dismissed for lack of subject matter jurisdiction.

**B.      The Court Must Dismiss Resort Center's Tort Claim Against EPA Because There Is No Waiver of Sovereign Immunity for Claims Based on Interference with Contract Rights.**

Resort Center's tort claim against the EPA is defined as "Negligent Interference with Prospective Economic Advantage."  Compl. at 20.  However, "actions for tortious interference with business (i.e., prospective) advantage are barred as claims arising out of interference with contract rights." *Chen v. United States*, 854 F.2d 622, 628 n.2 (2d Cir. 1988).  This is because the FTCA does not waive immunity for "interference with contract rights," 28 U.S.C. § 2680(h), and "[t]o hold that interference with prospective advantage does not arise out of interference with

contract rights" would create the "illogical" result that "the government [is subject] to liability if its employees interfered with the plaintiff's mere expectation of entering a contract, but not if they interfered with a contract already in existence," *Art Metal-U.S.A.*, 753 F.2d at 1155; *see also Moessmer v. United States*, 760 F.2d 236, 237 (8th Cir. 1985) ("Moessmer's claim for interference with prospective economic advantage is the equivalent of a claim for interference with contract rights, and thus falls within the section 2680(h) exemption.").  Accordingly, courts in this Circuit dismiss claims against the United States for interference with prospective economic advantage, *see Cooper*, 978 F.2d at 613; *Mecca*, 389 F. App'x at 780; *Silva v. United States*, No. 17-CV-1224 MV/JHR, 2021 WL 24572, at *2 (D.N.M. Jan. 4, 2021) (unpublished); *Holmes Herefords, Inc. v. United States*, 753 F. Supp. 901, 905-06 (D. Wyo. 1990), and Resort Center's interference with economic advantage claim should be dismissed as to EPA for lack of subject matter jurisdiction.

**V.     Resort Center Cannot Seek Money Damages Under the 2009 and 2014 Administrative Orders in This Court.**

Resort Center's claim for money damages based on its alleged "Third Party Beneficiary" status to the 2009 and 2014 Administrative Orders suffers from at least two defects.  *First*, unless the claim for damages does not exceed $10,000, this Court lacks subject matter jurisdiction to hear this contract-based claim.  *See* 28 U.S.C. § 1346(a)(2).  *Second*, Resort Center is not a third-party beneficiary under the 2009 and 2014 Administrative Orders entitled to enforce them against EPA.

### A.    This Court Lacks Subject Matter Jurisdiction for Contract-Based Claims Such as Resort Center's That Exceed $10,000.

Resort Center identifies no waiver of the United States' sovereign immunity for this "Third Party Beneficiary" claim, but the claim characterizes the 2009 and 2014 Administrative Orders as "agreements" and seeks damages.  *E.g.*, Compl. ¶¶ 91, 93. Therefore, the United States assumes Resort Center to claim to be a third party beneficiary to contracts where the United States is a party.

As with the takings claims discussed above, under 28 U.S.C. § 1346(a)(2), this Court has jurisdiction over "civil action[s] or claim[s] against the United States, not exceeding $10,000 in amount, founded . . . upon any express or implied contract with the United States."  Otherwise, claims against the United States founded on contract must be brought in the Court of Federal Claims.  *Id.* § 1491(a)(1); *see also Union Pac. R.R. Co.*, 591 F.3d at 1314.  Actions claiming third-party beneficiary status of alleged contracts are actions founded upon contract subject to these provisions.  *See Roedler v. Department of Energy*, 255 F.3d 1347, 1350-51 (Fed. Cir. 2001).  As with the takings claims discussed above, although the Complaint does not specify the damages sought for this claim, if Resort Center seeks more than $10,000 in damages, this contract-based claim belongs to the Court of Federal Claims exclusive jurisdiction.  *See supra* § III; *see also Roedler*, 255 F.3d at 1351 (noting that plaintiffs had stipulated to seeking a maximum of $10,000 for the case to remain in district court as opposed to the Court of Federal Claims).

### B.     Resort Center Is Not an Intended Third-Party Beneficiary of the 2009 and 2014 Administrative Orders.

Federal common law governs the contracts of the United States.  *Id.*  Assuming that the 2009 and 2014 Administrative Orders are contracts as Resort Center has alleged, the contracts and "the rights and duties of the parties [are] determined by application of the same principles of law as if the contract were between private individuals," and the Court looks to "third party beneficiary law as developed in the common law and explained by precedent."  *Id.*

Resort Center is not a party to the 2009 and 2014 Administrative Orders, nor is it expressly named as a third-party beneficiary; thus, Resort Center must establish it is an implied third-party beneficiary.  "To establish a right of action by a third person who is not a party to or identified in the contract as a beneficiary of its performance, the contract must show the intention of the contracting parties to provide a benefit to that person."  *Id.* at 1352.  "One way to ascertain such intent is to ask whether the beneficiary would be reasonable in relying on the promise as manifesting an intention to confer a right on him."  *Montana v. United States*, 124 F.3d 1269, 1273 (Fed. Cir. 1997).  Here, however, Resort Center was not reasonable in relying on any alleged promises in the 2009 and 2014 Administrative Orders.  Both Administrative Orders expressly disclaim creating any rights for non-parties to the Administrative Orders.[5]

The 2009 Administrative Order specifies that, except for two unrelated provisions, "nothing in this Settlement Agreement shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Settlement Agreement."  Parker Decl.,

---

[5] Because Resort Center seeks damages under the Administrative Orders, the Court can consider the actual 2009 and 2014 Administrative Orders because they are public records of the EPA available on its website, are referred to in the Complaint, are central to this claim, and their authenticity cannot be disputed.  *See Toone*, 716 F.3d at 521.

Appendix A, ¶ 90(c).  The 2014 Administrative Order similarly provides that, except for two unrelated provisions, "nothing in this Settlement Agreement . . . creates a cause of action on behalf of any person not a party to this Settlement Agreement."  Parker Decl., Appendix B, ¶ 112.  Both Administrative Orders further disclaim any rights by non-parties such as Resort Center to enforce the Administrators Orders against EPA, because both agreements state that "[n]o action or decision by EPA . . . pursuant to this Settlement Agreement shall give rise to any right to judicial review, except as set forth in Section 113(h) of CERCLA."  *Id.* ¶ 113; Parker Decl., Appendix A, ¶ 87.

"Utah courts have dismissed . . . third-party beneficiary claim[s] pursuant to a Rule 12(b)(6) motion where the contract contained a clause declaring that there was no intended third-party beneficiary." *Fornazor Int'l, Inc. v. Huntsman*, No. 2:14-CV-291 TS, 2015 WL 6142962, at *8 (D. Utah Oct. 19, 2015) (unpublished).  And "an express provision negating an intent to permit enforcement of the contract by third parties is decisive as to the rights of such parties to enforce it." *Doyle v. Jewell*, No. 2:13-CV-861-CW, 2015 WL 1609132, at *3 (D. Utah Apr. 10, 2015) (unpublished) (quoting 17A Am. Jur. 2d *Contracts* § 420).  The Orders make clear that Resort Center is not an implied third-party beneficiary, and it cannot seek damages against EPA under them.

## CONCLUSION

For the reasons set forth above, the Court should dismiss Resort Center's first, second, third, fourth, sixth, and seventh claims against EPA and its Administrator because the Court lacks subject matter jurisdiction over the claims or, in the alternative, the seventh claim fails to state a claim.

Respectfully submitted,

JEAN E. WILLIAMS
Acting Assistant Attorney General
Environment and Natural Resources
  Division

s/ *Alan D. Greenberg*
_____
ALAN D. GREENBERG
Environmental Defense Section
U.S. Department of Justice
999 18th St. – Suite 370
Denver, Colorado  80202
Phone: (303) 844-1366
Fax: (303) 844-1350
E-mail:  alan.greenberg@usdoj.gov

KRISTINE S. TARDIFF
Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
Phone: (603) 230-2583
Fax: (603) 225-1577
E-mail:  kristine.tardiff@usdoj.gov

23

J. PATRICK GLYNN
Director, Torts Branch

CHRISTINA M. FALK
Assistant Director

FREDERICK GASTON HALL
Trial Attorney
Civil Division, Torts Branch
Environmental Tort Litigation Section
United States Department of Justice
P.O. Box 340
Washington, D.C. 20044
Phone: (202) 616-4211
Fax: (202) 616-4473
Email: frederick.g.hall@usdoj.gov

May 14, 2021

## CERTIFICATE OF SERVICE

I hereby certify that the above motion was filed on May 14, 2021, through the Court's CM/ECF system, which will serve all registered counsel.

_s/ Alan D. Greenberg_
ALAN D. GREENBERG